# EXHIBIT 1

**AMERICAN ARBITRATION ASSOCIATION**
**EMPLOYMENT ARBITRATION TRIBUNAL**

| | |
|---|---|
| REINA JONES,<br><br>    Claimant,<br><br>vs.<br><br>A & D INTERESTS, INC., D/B/A HEARTBREAKERS GENTLEMEN'S CLUB and MIKE ARMSTRONG,<br><br>    Respondents. | Case No. 01-18-0001-1197 |

# INTERIM ARBITRATION AWARD

The undersigned Arbitrator, having been designated in accordance with the Agreement entered into by the above-named parties, and having been duly sworn, and having heard the proofs and allegations of the parties, does hereby issue this INTERIM ARBITRATION AWARD as follows:

Acting through the American Arbitration Association ("AAA"), the parties mutually selected Glenn Patterson to serve as Arbitrator. Claimant Reina Jones, being represented by Richard Burch and Dave Moulton of Bruckner Burch; and Respondents A&D Interest, Inc., d/b/a Heartbreakers Gentlemen's Club and Mike Armstrong, being represented by Casey T. Wallace and William X. King of Feldman & Feldman, P.C., presented testimony and evidence at the Final Hearing on September 6, 2019.

1

Prior to presentation of testimony and evidence, the parties announced their stipulation that, for the limited purposes of this arbitration, Claimant is an "employee" of Respondent A&D Interests, Inc. under the Fair Labor Standards Act.

The Arbitrator finds as follows:

1. Reina Jones was employed by Respondents A & D Interests, Inc.

2. Armstrong has operational control over the employees of Heartbreakers. He is the sole owner and the president. He opened Heartbreakers in 1985. Forster, the General Manager, reports directly to Armstrong. Armstrong is responsible for handling all construction and maintenance, all legal problems, everything that has to do with finance, borrowing money for operating capital, and dealing with all political problems. Armstrong testified, "If it's money, I'm involved in it;"

3. Armstrong had the authority to enter into contracts on behalf of Heartbreakers. He had the authority to hire and fire the dancers. In fact, nobody at Heartbreakers had more authority than Armstrong. He was involved in the decision to determine the hours of the club, the requirement of a cover charge, the amount of the cover charge, and which customers had access to the club. Furthermore, the independent contractor agreements signed by the dancers at Heartbreakers were kept in the office on the second floor over which Armstrong had ultimate authority and

maintained his own office. Armstrong had authority to sign checks for Heartbreakers and to decide whether dancers were treated as independent contractors or employees;

4.  Armstrong testified dancers have always been treated as independent contractors at Heartbreakers and that was a result of the decision he made. Armstrong admitted he made the decision to require dancers to sign either an independent contractor or employment contract. Armstrong approved the contracts Heartbreakers used for the dancers. Armstrong admitted that if he decided all the dancers should be treated as employees, he would be the one with authority to do so. Accordingly, Armstrong is directly responsible for the dancers being treated as independent contractors and is the one who has the authority to change this practice. He is therefore the very definition of one who acts "directly or indirectly in the interest of the employer in relation to the employee." 29 U.S.C. § 203(d).

5.  Accordingly, Armstrong qualifies as an employer under the FLSA. He is, therefore, jointly liable, along with A & D Interests, Inc. for the damages specified below;

6.  Respondents are a covered enterprise engaged in interstate commerce under the FLSA;

7.  Jones worked the hours recorded in Respondents' records plus an additional 1.5 hours per day for donning and doffing;

8.  Jones's donning and doffing time is compensable;

9. Jones's hours for the relevant 2 and 3-year periods are summarized as follows:

> Recorded hours for two years: 755.10
>
> Recorded hours for three years: 1273.3
>
> Don/Doff hours for two years: 54
>
> Don/Doff hours for three years: 90
>
> Total hours for two years: 809.1
>
> Total hours for three years: 1363.3

10. Respondents did not pay Jones a wage;

11. Respondents owe Jones minimum wages and overtime pay in the amounts shown in the table below;

12. Respondents charged Jones "house fees" in the amount shown in the table below;

13. Jones was required to share tips with Respondents in the amount shown in the table below;

14. Jones is entitled to recover her house fees and tips as part of her minimum wage claim in the amounts shown in the table below;

15. For decades Respondents offered dancers either an independent contractor agreement or employment agreement;

16. No dancer ever chose the employment agreement, which provides for only minimum wage and does not allow dancers to keep dance fees;

17. Respondents efforts to place the fault for misclassifying their dancers by offering them a false choice between the two contracts indicates Respondents knew they were violating the FLSA all along;

18. Respondents did not change their pay practices after the *Toporcer* lawsuit or the *Jersey* Award, also indicating they recklessly disregarded the FLSA;

19. Respondents' claim that they relied on unidentified prior arbitration cases shown to them by their lawyers and an IRS investigation is insufficient because Respondents failed to provide any details whatsoever;

20. Respondents' lack of credibility in this regard also supports a finding of willfulness;

21. Respondents willfully violated the FLSA because they either knowingly or recklessly disregarded the FLSA;

22. Respondents did not plead and prove good faith;

23. Jones is entitled to recover damages for 3 years because Respondents willfully violated the FLSA;

24. Jones is entitled to liquidated damages in the amount shown in the table below;

25. Jones's damages are summarized in the following table:

|  | 3 Years |
|---|---|
| **Minimum Wage** | $9,883.94 |
| **Overtime** | 87.22 |
| **House Fees** | 6,503.00 |
| **Tip Outs ($40 per day)** | 7,200.00 |
| **Liquidated Damages** | 23,674.15 |
| **TOTAL** | **$47,348.31** |

26. Jones is entitled to recover $47,348.31 from Respondents.

27. Jones is a prevailing party under the FLSA and is entitled to an award of attorney's fees and costs. The Parties are directed to confer regarding fees and costs and to either jointly submit a proposed Final Award that includes those figures or their respective briefs and proposed Final Awards within 10 days of this Opinion and Interim Award.

28. This Award shall remain in full force and effect until such time as a final Award is rendered.

November 18, 2019

Arbitrator Glenn Patterson